IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AZELL WILKERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:11cv741 |
| ) | |
| GE CAPITAL INC., (GE MONEY ) | |
| BANK), ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332 and 1441, Defendants GE Money Bank and General Electric Capital Corporation (incorrectly designated as GE Capital Inc.) (collectively Defendants) file this notice of removal of this action from the Circuit Court of Montgomery County, Alabama, where it is now pending as CV-2011-962, to the United States District Court for the Middle District of Alabama, Northern Division, and show unto the Court as follows:

1.      This case is being removed because this Court has federal question jurisdiction and diversity jurisdiction over Plaintiff's claims.

1

2.     Plaintiff filed this action on August 4, 2011, in the Circuit Court of Montgomery County, "GE Capital Inc., (GE Money Bank)."[1] GE Money Bank ("GEMB") was served with the complaint on August 11, 2011.

## Federal Question Jurisdiction

3.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's Complaint alleges federal claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

4.     Plaintiff's first cause of action is for GEMB's alleged failure to comply with the Fair Credit Reporting Act, <u>a federal statute</u>. Count One of Plaintiff's Complaint is entitled "FAILURE TO COMPLY WITH § 1681s-2(B) OF THE FAIR CREDIT REPORTING ACT," and Plaintiff asserts: "This is count against GE Capital for failure to comply with the FCRA and 15 U.S.C. § 1681s-2(b)." *See* Complaint, attached as Exhibit A, at ¶¶ 13-15.

5.     28 U.S.C. § 1331 provides that federal courts have "original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States."

---

[1] In the caption of her Complaint, plaintiff identified the following entity as the defendant: "GE Capital Inc., (GE Money Bank)." There is no such entity. GE Money Bank is a wholly owned subsidiary of General Electric Capital Corporation. While denying liability for Plaintiff's claims, GE Money Bank issued the credit card referenced in Plaintiff's Complaint, and it is presumably the entity that Plaintiff intended to name as a Defendant. General Electric Capital Corporation had no involvement with the subject credit card account and is not a proper party to this lawsuit.

6. 28 U.S.C. § 1441 governs removal to federal court. Subsection (b) provides: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States <u>shall be</u> removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b) (emphasis added).

7. On the face of Plaintiff's complaint, there is no question that Plaintiff's federal claims under the Fair Credit Reporting Act are removable pursuant to 28 U.S.C. §§ 1331 and 1441(b).

8. Plaintiff also asserts causes of action for the state law claims of "negligence" and "defamation and reliance." *See* Complaint, at ¶¶16-42.

9. Plaintiff's state law claims are also properly removable under 28 U.S.C. §1441(c), which provides: "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein."

## **Diversity Jurisdiction**

10. Plaintiff's claims are also properly removable under the diversity jurisdiction statute, 28 U.S.C. §1332.

11. On information and belief, Plaintiff is now, was at the time of the filing of the Complaint, and has at all intervening times been a citizen of Alabama. *See* Complaint, at ¶1.

12. In contrast, none of the Defendants are citizens of Alabama nor do any of the Defendants have their principal place of business in Alabama, nor did they at the time of the filing of the Complaint, nor have they at any of the intervening times.

13. Specifically, Defendant GEMB is now, was at the time of the filing of the Complaint, and has been at all intervening and material times, a federal savings bank governed by the Office of Thrift Supervision with its principal place of business in Salt Lake City, Utah. Also, General Electric Capital Corporation is now, was at the time of the filing of the Complaint, and has been at all intervening and material times, a Delaware corporation with its principal place of business in the state of Connecticut.

14. Therefore, complete diversity of citizenship exists between Plaintiff and the Defendants.

15. Furthermore, the amount in controversy under 28 U.S.C. § 1332(a) is satisfied based on the allegations of the Complaint, which seeks attorneys' fees, costs, compensatory and punitive damages. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("When the complaint

4

does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.") (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316 (11th Cir. 2001)

### Conclusion

16.     All of the prerequisites for removal have been met. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and 1332. As demonstrated, federal question jurisdiction exists because Plaintiff has asserted federal claims under the Fair Credit Reporting Act. Further, the Court also has diversity jurisdiction. This action is therefore removable pursuant to 28 U.S.C. § 1441(a), (b), and (c), as amended.

17.     This Notice of Removal is timely filed under 28 U.S.C. §1446(b). A copy of this notice of removal is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama, and copies of all process, pleadings, and orders are attached hereto as Exhibit B, pursuant to 28 U.S.C. § 1446(a).

**WHEREFORE**, GE Money Bank and General Electric Capital Corporation (incorrectly designated as GE Capital Inc.) request that this

Court will consider this notice of removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to achieve the removal of this cause from the Circuit Court of Montgomery County, Alabama, to this Court; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said Circuit Court.

          Respectfully submitted,

/s/
One of the Attorneys for Defendants
General Electric Capital Corporation
(incorrectly designated as GE Capital Inc.)
and GE Money Bank

OF COUNSEL:

David R. Pruet, III (PRUED9725)
dpruet@lighfootlaw.com
Haley A. Cox (ANDR6198)
hcox@lightfootlaw.com
Marchello Gray (GRAY6384)
mgray@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2011, I served the foregoing, via United States Mail, postage prepaid and properly addressed to the following:

Norman Hurst, Jr.
Post Office Box 5251
Montgomery, AL 36103
*Counsel for Plaintiff*

_____
Of Counsel